513 A.2d 515

West Torresdale Civic Association et al., Appellants v. Zoning Board of Adjustment et al., Appellees.

Argued November 12, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*James J. Martin, Martin and Martin, P.C.*, for appellants.

*Joy J. Bernstein,* Assistant City Solicitor, for appellee, Zoning Board of Adjustment and City of Philadelphia.

*William K. Doak,* with him, *Sheldon L. Albert* and *Richard A. Sprague, Sprague, Thall & Albert,* for appellee, Potamkin Chevrolet.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 28, 1986:

The West Torresdale Civic Association and other neighborhood entities and individuals[1] (Neighbors) appeal a Philadelphia County Common Pleas Court order

---

[1] Fairway Civic Association, Torresdale-Frankford Country Club, Elvira Butterhof, and Ann M. Stauffenberg.

affirming a Philadelphia Zoning Board of Adjustment (Board) decision which granted a variance to Potamkin Chevrolet, Inc. (Potamkin) allowing commercial use of two tracts of land. We reverse.

The subject tracts are contiguous, total 7.7 acres, and are located in the vicinity of the northeast corner of Grant Avenue and Academy Road. The tracts are split-zoned R-3 and R-4 residential.[2] However, because they lie within the flight path controls for the nearby Northeast Philadelphia Airport, residential development of the tracts is prohibited by local and federal aviation regulations. The tracts are wooded and completely unimproved.

The tracts are bordered to the south by Potamkin's car dealership along Grant Avenue. Potamkin leased the tracts from the City of Philadelphia (City), contingent upon zoning approval of commercial uses connected with its dealership.[3] It applied to the City's Department

---

[2] Section 14-204 of the Philadelphia Code governs R-3 residential districts. The principal permitted uses are (1) agriculture and horticulture, (2) detached or semi-detached single-family dwellings, (3) professional offices accessory to a residence, (4) private dwelling garages and/or stables accessory to a residence, (5) churches, chapels, monasteries or other places of worship, (6) municipal art galleries, museums, or libraries, (7) railroad stations, and (8) telephone exchange stations, or water, sewer, electrical or gas substations.

Section 14-205 of the Code governs R-4 residential districts. The uses permitted in R-4 districts are the same as those permitted in R-3 districts. (The only variation between R-3 and R-4 districts concerns area regulations.)

[3] The lease, which was entered into on December 23, 1983, specified a "preliminary term" of up to one year from the date of execution, during which zoning approval was to be sought. It further provided that, absent waiver by Potamkin, the lease would be null and void at the end of one year if final, unappealable zoning changes allowing commercial use had not been obtained. The Court assumes that Potamkin has either waived this condition or agreed to an extension of the time period for its occurrence.

of Licenses and Inspection for use and zoning permits allowing (1) erection of an eight-foot high chain link fence around the tracts' perimeter, and (2) use of the tracts "for outdoor parking, display, storage and sale of motor vehicles and accessories with accessory parking for customers and employees," with "parking on grade less than 10% with suitable barriers and lighting to be erected." This application was denied because the fence height and commercial uses requested are not authorized in R-3 and R-4 districts. Potamkin then appealed to the Board for a variance conforming to its use and zoning permit applications. Following a public hearing at which witnesses for Potamkin and the Neighbors testified, the Board granted the variance, subject to conditions, pursuant to Section 14-1801(1)(c) of the Philadelphia Code.[4]

Because the common pleas court took no additional evidence, our scope of review is limited to determining whether the Board abused its discretion, erred as a matter of law, or made findings of fact unsupported by substantial evidence. *Rushford v. Zoning Board of Adjustment of Pittsburgh,* 81 Pa. Commonwealth Ct. 274, 473 A.2d 719 (1984).

---

[4] The criteria for the granting of a variance are contained in Section 14-1802(1) of the Code. (The Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202, does not govern cities of the first class. The City of Philadelphia is a city of the first class.)

The conditions required that (1) development be in accordance with a plot plan prepared by Potamkin providing for a buffer zone, (2) drainage plans be prepared by a registered engineer and approved by the City's Water Department, (3) new lighting face inward and away from adjacent homes, (4) landscaping and screening material be installed to minimize the effect of lighting and (5) the loudspeakers in the additional display area not be used after 6:00 p.m.

The Neighbors initially contend that Potamkin is not entitled to a variance because any hardship to it from the tracts' residential zoning was self-created. We disagree.

Traditionally, a variance was barred to one who acquired land with knowledge of the zoning restrictions from which he sought relief. *See, e.g., Best v. Zoning Board of Adjustment,* 393 Pa. 106, 141 A.2d 606 (1958). However, recent decisions have only applied this rule where the hardship results from an inflated purchase price calculated on the assumption of a variance being granted. *See, e.g., Marlowe v. Zoning Hearing Board of Haverford Township,* 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980). The hardship alleged by Potamkin is the impossibility of any development of the tracts due to the irreconcilability of residential zoning and the airport flight path restrictions. Potamkin's lease with the City did not create this predicament. Potamkin has merely stepped into the City's shoes.[5] Hence, the hardship is not self-created.

The Neighbors next contend that the variance sought by Potamkin would in fact amount to a rezoning, which is within the exclusive jurisdiction of City Council to grant.[6] We agree.

---

[5] Although the Neighbors have not raised the issue of Potamkin's standing as a lessee to request a variance, we note our holding in *In Re: Application of Burroughs Corporation,* 54 Pa. Commonwealth Ct. 514, 422 A.2d 1183 (1980), that a lessee has standing to request a variance if the lease permits the uses which may only be undertaken by means of a variance. Potamkin's lease with the City did authorize the commercial uses it sought by variance. Although that case relied upon Section 914 of the MPC, 53 P.S. §10914, we have applied MPC provisions to matters, such as this, on which the Philadelphia Code is silent. *See East Torresdale Civic Association v. Zoning Board of Adjustment of the City of Philadelphia,* 85 Pa. Commonwealth Ct. 12, 481 A.2d 976 (1984), *aff'd,* 508 Pa. 614, 499 A.2d 1064 (1985).

[6] *See* Section 14-101(2) of the Code.

The distinction between a variance and a rezoning depends upon the nature of the change requested, rather than merely the size of the land in question. *Sposato v. Radnor Township Board of Adjustment,* 440 Pa. 107, 270 A.2d 616 (1970). In *Catholic Cemeteries Association Zoning Case,* 379 Pa. 516, 109 A.2d 537 (1954), our Supreme Court held that rezoning was necessary for the establishment of a cemetery on a 185-acre tract of land zoned single-family residential. *McClure Appeal,* 415 Pa. 285, 203 A.2d 534 (1964), involved an application for a variance to construct a bank and accessory parking facilities on a residentially zoned tract of land exceeding one acre. In reversing the grant of the variance, our Supreme Court stated: "As a general rule, if the land, as a practical matter, cannot be utilized for residential purposes, then the land should be rezoned by an appeal to the legislative body." *Id.* at 291, 203 A.2d at 537.

Our review of *Catholic Cemeteries* and *McClure* leads us to conclude that the hardship asserted by Potamkin must be addressed to City Council in the context of request for rezoning. The commercial nature of the requested variance is in complete conflict with the permitted residential uses, as were the variance requests in *Catholic Cemeteries* and *McClure.*[7] It is undisputed that the tracts leased by Potamkin cannot be utilized for the residential purposes originally intended by City Council due to the airport flight path restrictions. However, any hardship created by this condition is an inappropriate subject for a variance request since

---

[7] With the exception of *Garbev Zoning Case,* 385 Pa. 328, 122 A.2d 682 (1956), the decisions cited by the Board involved requests for variances to allow *residential* uses not permitted under the residential zoning in question. *Garbev* is distinguishable, however, because in that case the only issue raised on appeal was the adequacy of the evidence supporting the lower court's findings of fact and conclusions.

it is not caused by the physical characteristics of the subject land or the characteristics of the surrounding area, and there is nothing in the record indicating that this hardship is unique to Potamkin's land. *See Eighteenth & Rittenhouse Associates v. Zoning Board of Adjustment,* 26 Pa. Commonwealth Ct. 554, 364 A.2d 973 (1976); *Pitale v. Philadelphia Zoning Board of Adjustment,* 47 Pa. Commonwealth Ct. 36, 407 A.2d 1372 (1979).[8] Moreover, in these particular circumstances, the zoning regulations placed upon a substantial area of land have been rendered obsolete by superseding government regulations. Rezoning is therefore the appropriate administrative avenue for attempting to cure any substantive defect in the residential zoning of land affected by the airport restrictions.[9]

We hold that the Board erred as a matter of law in exercising jurisdiction over Potamkin's variance request.[10] The common pleas court's order is reversed.

ORDER

The Philadelphia County Common Pleas Court order, No. 2237 August Term 1984 dated January 2, 1985, is reversed.

---

[8] A zoning amendment is the proper method for raising objections to zoning restrictions which do not meet the criteria for a variance. *See Blouch Zoning Ordinance Appeal,* 26 Pa. Commonwealth Ct. 147, 362 A.2d 1139 (1976).

[9] Any proposed rezoning ordinance should pertain to all the residentially zoned land subject to the airport flight path controls.

[10] Because we reach this result, we do not address the Neighbor's remaining contention, that the Board abused its discretion in failing to consider alternative non-residential uses for the tracts.