576 A.2d 352

**WEST TORRESDALE CIVIC ASSOCIATION, et al, Appellees,**

v.

**ZONING BOARD OF ADJUSTMENT, CITY OF PHILADELPHIA and Potamkin Chevrolet, Appellants.**

Supreme Court of Pennsylvania.

Argued Dec. 8, 1987.

Decided June 1, 1988.

Reargument Denied July 29, 1988 and Oct 5, 1988.

Richard A. Sprague, Philip Weinberg, Philadelphia, for appellants.

James J. Martin, Carl Oxholm, Philadelphia, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

Prior report: 99 Pa.Cmwlth. 252, 513 A.2d 515.

PER CURIAM.

The Court being equally divided, the Order of the Commonwealth Court is AFFIRMED.

McDERMOTT, J., files an opinion in support of affirmance.

PAPADAKOS, J., files an opinion in support of affirmance joined by NIX, C.J.

LARSEN, J., files an opinion in support of reversal joined by FLAHERTY and ZAPPALA, JJ.

## OPINION IN SUPPORT OF AFFIRMANCE

McDERMOTT, Justice.

The City of Philadelphia, owner of the land in question, would lease the ground, zoned residential, for commercial purposes, if the lessee could obtain a variance. I agree with the Commonwealth Court that a release of seven acres by a variance from residential to commercial zoning, under the circumstances here, with the City as the owner, is a matter for legislation by the City Council.

## OPINION IN SUPPORT OF AFFIRMANCE

PAPADAKOS, Justice.

Appellant, Potamkin Chevrolet ("Potamkin"), was granted a zoning variance by the Philadelphia Zoning Board of Adjustment ("Board"). On appeal, the variance was affirmed by the Court of Common Pleas of Philadelphia County. The Commonwealth Court reversed, however, on the grounds that the Board lacked jurisdiction to grant the variance because the proposed change from residential to commercial use constituted a rezoning. We granted Appellant's petition for allowance of appeal because we were persuaded that there may be some confusion and uncertainty in our law with respect to a zoning board's jurisdictional power to grant relief, by a hardship variance, from zoning restrictions which, as a practical matter, preclude *any* use of the land, as opposed to relief that must be sought exclusively by rezoning through curative amendment. After a careful review of the record, we have concluded that Potamkin's appeal must be dismissed because of mootness.

A brief summary of the underlying facts in this case reveals the following. The two contiguous tracts (totaling 7.7 acres) which are the subject of this appeal were zoned R–3 and R–4 residential under Sections 14.204 and 14.205 of the Philadelphia Zoning Code. They are owned by the City of Philadelphia and, of course, located within its boundaries. Because they lie within the flight path controls for nearby Northeast Philadelphia Airport, however, residential devel-

opment is prohibited by both federal and local aviation regulations. The tracts, which are wooded and completely unimproved, are bordered on the south by Potamkin's car dealership. Potamkin leased the tracts from the City of Philadelphia in a lease dated December 23, 1983, contingent upon receiving zoning approval of the contemplated commercial uses connected with its dealership. Potamkin planned to use the tracts for outdoor parking, display, storage and sale of its motor vehicles and as parking for its customers and employees.

The fact that this lease was automatically terminated under its own terms, because final zoning approval was never received within the time period specified, renders this appeal moot. The issue is fully discussed immediately below. Once Potamkin entered into its lease with the City, it promptly applied to the City's Department of Licenses and Inspection for the relevant use and zoning permits. Following denial of its application, Potamkin appealed to the Board for a variance. Witnesses for Potamkin, as well as witnesses who included individuals and representatives of neighborhood groups opposed to the variance (Appellees), testified at a public hearing before the Board. The Board subsequently granted the requested variance, subject to conditions, under Section 14–1801(1)(c) of the Philadelphia Zoning Code. Appeals were taken and, as noted, the Commonwealth Court ultimately reversed in an opinion dated July 28, 1986.

The lease agreement which Potamkin entered into with the City of Philadelphia on December 23, 1983 (R., 84a–102a), contains, *inter alia*, the following provisions:

(4)(b) The commencement of the principal term is further conditioned upon the issuance to Lessee by the duly constituted public authorities of final, unappealable zoning changes, zoning variances and authorizations and permits (hereinafter referred to as "zoning approval") as may be necessary or desirable by Lessee to permit the construction, installation and operation of such improvements upon the premises as may be contemplated or

permitted hereunder and the use of the premises permitted hereunder.

(4)(c) In the event the approval of the FAA in a form acceptable to Lessee and the satisfaction (or waiver) by Lessee of the conditions set forth in subsection 4(b) has not occurred and been confirmed in writing by Lessee prior to one year from the date hereof, then this Lease shall be automatically null and void. (R. 86a–87a, *emphasis added.*)

The Commonwealth Court *assumed* that Potamkin had either waived this condition or agreed to an extension of the time period for its occurrence.[1] Making such an assumption was unjustified. There is absolutely nothing in this record whatsoever to indicate that Potamkin waived the condition,[2] or entered into a collateral agreement with the City to extend the time or otherwise change the terms of these clauses in the lease. What the parties, in fact, agreed to in this lease was a condition and not a covenant. Compare, *Williams v. Notopolos,* 259 Pa. 469, 103 A. 290 (1918), and *Ritz v. Rafail,* 366 Pa. 274, 77 A.2d 411 (1951). While one party to a covenant may decline to enforce it, either by a suit for damages or equitable relief, and hence waive any rights he or she has under such an agreement, a condition operates quite differently. Here, by its expressed language, this lease was drafted so that it would terminate automatically if final unappealable zoning approval did not occur within one year from the date the lease was signed. That event obviously did not occur within the necessary one year and, indeed, has not occurred yet.[3]

Since we find that this lease was automatically terminated as of December 23, 1984, Potamkin no longer has any

1. See footnote 3 of the Commonwealth Court's opinion. *West Torresdale Civic Association v. Zoning Board of Adjustment,* 99 Pa.Commonwealth Ct. 252, 513 A.2d 515, 516 (1986).

2. Indeed, it would be unlikely that Potamkin would ever waive the condition and commence paying substantial rent for land it could not use. See, particularly, paragraph 3(b) of the lease (R., 85a).

3. The parties to this lease understood the distinction between a condition and a covenant. Paragraphs 9, 10 and 12 of the lease contain a number of expressed covenants. (R., 88a–91a).

property rights or interest in this land such that it has standing to maintain a request for a variance, or to be heard to complain that such a request has been denied on appeal.[4]

In *Richards v. Johns*, 338 Pa. 232, 13 A.2d 59 (1940), plaintiff sued township officials to restrain them from continuing a prosecution of her for an alleged zoning violation. The property she occupied was held under a lease which then expired. Plaintiff gave up possession and removed from the premises. Under these circumstances, we held that the question raised by the township officials' appeal became moot. The mootness doctrine which was applied in *Richards, supra*, applies here as well.

Consequently, the Commonwealth Court's decision which, in essence, denied the variance requested here, shall be allowed to stand, and this appeal is dismissed on the grounds of mootness.

STOUT, J., did not participate in the consideration or decision of this case.

NIX, C.J., joins in this Opinion in Support of Affirmance.

## OPINION IN SUPPORT OF REVERSAL

LARSEN, Justice.

The opinion in support of affirmance concludes that this appeal should be dismissed as moot because the lease

---

4. Potamkin only had standing as long as it continued to be a lessee under a lease. See, *Richman v. Zoning Board of Adjustment*, 391 Pa. 254, 137 A.2d 280 (1958). *Richman* is still applicable in Philadelphia since the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202, does not govern cities of the first class, and Philadelphia is a city of the first class. Since Potamkin had standing originally, but subsequently lost it, its appeal is now moot. The City of Philadelphia, which is the owner of the tracts in question, and which has sought to intervene in this appeal, never applied for zoning permits or for a zoning variance in the first place. It was never an applicant (R., 83a) or a party to the initial proceedings here. Hence, the City also lacks standing to appeal at this point.

between appellants Potamkin Chevrolet (Potamkin) and the City of Philadelphia covering the real estate in question automatically expired on December 23, 1984. This issue was not properly raised in the courts below and thus, cannot be considered for the first time in this Court. *Bell v. Koppers Co., Inc.,* 481 Pa. 454, 392 A.2d 1380 (1978). Additionally, the record fails to disclose whether there was a waiver of the lease expiration or the lease was extended. Without any evidence in the record, the opinion in support of affirmance assumes that neither of these events occurred.

If members of this Court choose to look beyond the record to support a disposition of this case, then we should direct the parties to furnish us with information necessary to accurately ascertain the facts. We should not assume what such an inquiry might disclose. Absent our obtaining this required information pertaining to the status of the lease, I now proceed to consider this appeal on its merits.

Before us for review in this appeal is a Commonwealth Court order that reversed a Philadelphia Common Pleas Court order sustaining a variance. The lower court decision, overturned by the Commonwealth Court, upheld an order of the Zoning Board of Adjustment (Board) that granted a variance to appellant Potamkin with respect to two contiguous parcels of land located adjacent to Potamkin's business operations. Potamkin proposed to use the subject parcels to expand its automobile business. The two-pronged question to be resolved in this appeal is: was the evidence sufficient for the Board to find (1) that the zoning classification unduly burdened the subject property thereby creating an unnecessary hardship peculiar to that property, and (2) that the granting of a variance for commercial use was not contrary to the public welfare. Upon a review of the record, I find that the Board's decision granting a variance was supported by substantial evidence. I, thus, would reverse the Order of the Commonwealth Court and reinstate the order of the Philadelphia Common Pleas Court that affirmed the Board's action.

The subject land involved in this action consists of two unimproved parcels. One of these parcels, known as parcel A, measures 3.7 acres and the other, known as parcel B, comprises 4 acres. The parcels together total 7.7 acres of wooded, unimproved land which Potamkin leases from the City of Philadelphia. The subject property is bordered on the north by Academy Avenue, on the south by Torresdale–Frankford Country Club, on the east by Potamkin's existing business facilities, and on the west by additional unimproved acreage owned by the City of Philadelphia. The parcels in question are split-zoned R–3 residential and R–4 residential. These parcels, however, are unusable for residential purposes because they are situated within the flight path control area of the nearby Northeast Philadelphia Airport.

After Potamkin and the City of Philadelphia entered into a lease for the subject property, Potamkin filed an application with the Department of Licenses and Inspections for a use permit and a variance permit so that the property in question could be used for parking, display, storage and sale of motor vehicles and accessories and for outdoor parking for customers and employees. The Department of Licenses and Inspections denied the application because the use proposed was not permitted in R–3 and R–4 districts.[1] Potamkin then filed a petition for appeal with the Board seeking a variance. In its petition for appeal to the Board, Potamkin averred that the refusal of its application constituted an unnecessary hardship unique to the premises; that the proposed use was the least modification necessary to allow feasible interim use of the leased premises; that the premises were encumbered by airport flight path controls precluding improvements within the zoning designation; and that the proposed use would not adversely affect the public interest and would benefit the community.[2] The Board held a public hearing on Potamkin's petition with

1. Additionally, a chain link perimeter fence proposed by the application did not comply with regulations in R–3 and R–4 districts.

2. See Potamkin's petition for appeal to the Zoning Board of Adjustment.

witnesses appearing on both sides of the question. Testimony and evidence was given in favor of and in opposition to Potamkin's petition. After considering all of the evidence and testimony presented at the hearing, the Board granted the variance sought by Potamkin.[3] Appellee West Torresdale Civic Association, along with others who opposed the petition, appealed to the Court of Common Pleas of Philadelphia County. Without taking any additional testimony, the Common Pleas Court sustained the Board's decision and dismissed the appeal. From the Common Pleas Court order, appellees appealed to the Commonwealth Court. A three judge panel of the Commonwealth Court reversed, holding that Potamkin's petition for a variance actually amounted to a request for a rezoning that should be addressed to City Council. The Commonwealth Court concluded that the Board erred as a matter of law in exercising jurisdiction over Potamkin's request for rezoning presented in the form of a petition for a variance.[4] We granted Potamkin's petition for allowance of appeal.

At the outset, it is acknowledged that since no additional evidence was taken beyond that presented before the Board, the scope of our review is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law in granting the variance. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983); *McClure Appeal,* 415 Pa. 285, 203 A.2d 534 (1964). A manfest abuse of discretion may be found where the Board's findings are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment, supra.* Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

In the case before us, the Board found, inter alia, that the subject property cannot be developed in accordance with the

3. The variance was granted with the condition that the use conform to the planning commission's recommendations and the review plot plan containing a buffer zone.

4. *West Torresdale Civic Association v. Zoning Board of Adjustment,* 99 Pa.Cmwlth. 252, 513 A.2d 515 (1986).

present residential zoning classification because the property lies within the Northeast Philadelphia Airport flight path.[5] Further, the Board found that because of the restrictions due to the flight path, the lease between Potamkin and the City of Philadelphia restricts development to parking, surfacing of the ground, a perimeter fence and parking of vehicles and accessory equipment.[6] Also, the Board found that Potamkin would adhere to the required standards to remedy any drainage problem in the area of the subject parcels.[7] In addition, the Board found that after development, the leased parcels will be lower than the adjoining Torresdale–Frankford Country Club property and the natural drainage will go onto the subject premises.[8]

Based upon its findings, the Board concluded: "that the proposed commercial use will not be contrary to the public interest;[9] that the conditions asserted for a variance are unique to the property for which the variance is sought;[10] that because of the physical surroundings of the subject property, a literal enforcement of the provisions of the zoning code would result in unnecessary hardship;[11] and that a grant of a variance is in the public interest."[12]

After carefully reviewing the record in this case, I conclude that the Board did not commit an abuse of discretion or an error of law in granting the variance. There is no dispute that the parcels in question are burdened by their location in the flight path of the Northeast Philadelphia Airport. This location rendered the land wholly unusable for residential development.

A variance should, of course, be granted only in exceptional circumstances and the burden of proving its need is

5. Zoning Board of Adjustment Finding of Fact No. 6.
6. Zoning Board of Adjustment Finding of Fact No. 7.
7. Zoning Board of Adjustment Finding of Fact No. 12.
8. Zoning Board of Adjustment Finding of Fact No. 14.
9. Zoning Board of Adjustment Conclusion of Law No. 7.
10. Zoning Board of Adjustment Conclusion of Law No. 8a.
11. Zoning Board of Adjustment Conclusion of Law No. 8c.
12. Zoning Board of Adjustment Conclusion of Law No. 9.

a heavy one.... In order to establish his right to a variance, an applicant must prove: 1) *that the effect of the zoning ordinance is to burden his property with an unnecessary hardship which is unique to his particular property*; and 2) that the variance would not have an adverse effect upon the public health, safety or welfare.... An applicant can establish the existence of an unnecessary hardship "(1) *by a showing that the physical characteristics of the property* were such that it could not in any case be used for the permitted purpose *or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense ... or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance....*" *(Citations omitted.) (Emphasis supplied.)*

*Township of Haverford v. Zoning Hearing Board,* 21 Pa.Cmwlth. 207, 344 A.2d 758 (1975). The Commonwealth Court held that the hardship created in this case by the airport flight path restrictions is not an appropriate subject for a variance request in that such hardship "is not caused by the physical characteristics of the subject property or the characteristics of the surrounding area ..." I disagree. As Potamkin argues, the location of the land is as much a physical characteristic of the property as is any topographical feature. Thus, the location of the subject property in the flight path control area of the Northeast Philadelphia Airport is a physical characteristic that prevents residential development, and creates an unnecessary hardship justifying a variance. *See H.A. Steen Industries, Inc. v. Zoning Hearing Board of Bensalem Township,* 48 Pa.Cmwlth. 469, 410 A.2d 386 (1980) (unimproved, landlocked parcel bordered by an interstate highway on one side and Conrail railroad tracks on the other side which restricted development within the zoning classification met the burden of proof of an unnecessary hardship); *City of Philadelphia v. Durkin Contracting Co.,* 6 Pa.Cmwlth. 211, 293 A.2d 622

(1972) (the size of the lot coupled with zoning restrictions concerning setbacks and off street parking requirements enough to constitute an unnecessary hardship); and, *Pfile v. Zoning Board of Adjustment*, 7 Pa.Cmwlth. 226, 298 A.2d 598 (1972) (unnecessary hardship found to exist where Borough's refusal to open a public alley restricted access to isolated tract bounded on one side by an entrance ramp to a freeway).

The appellees argue that the Commonwealth Court's conclusion that the variance sought by Potamkin actually amounts to a rezoning is amply confirmed by the quantity of land involved—a total of 7.7 acres. The appellees focus on the size of the subject parcels in urging that Potamkin's request for a variance is a disguised rezoning request. Because of this, the appellees insist that the Board lacks jurisdiction over Potamkin's request as was held by the Commonwealth Court.

> A rezoning and a variance are fundamentally different and a board of adjustment has jurisdiction only where there is a request for a variance and not where it is for a rezoning under the guise of a variance [citing cases]. *Accord, e.g., McClure Appeal*, 415 Pa. 285, 203 A.2d 534 (1964). However, the distinction between the two is dependent upon the nature of the change requested, rather than merely upon the size of the lot. *Richman v. Zoning Bd. of Adjust.*, 391 Pa. 254 A.2d 280 (1958).

*Sposato v. Radnor Twp. Board of Adjustment*, 440 Pa. 107, 270 A.2d 616 (1970). The size of the parcels in question in this case—7.7 acres—does not convert Potamkin's request for a variance into an application for rezoning and thereby strip the Board of jurisdiction.

The property involved here lies within the flight path of the Northeast Philadelphia Airport. Because of the flight path restrictions the property may not be used for residential purposes. These restrictions create an unnecessary hardship unique to the subject property. That hardship along with the finding that the proposed commercial use is

not contrary to the public interest provides a sufficient basis for the variance granted by the Board.[13]

I would reverse the order of the Commonwealth Court and reinstate the order of the Court of Common Pleas of Philadelphia County that affirmed the Zoning Board of Adjustment.

FLAHERTY and ZAPPALA, JJ., join in this opinion in support of reversal.

13. The appellees argue that they were denied procedural due process because the city solicitor represented both the applicant City of Philadelphia and the Zoning Board. The appellees failed to raise this issue in the court below and therefore, we are precluded from considering it. *Bell v. Koppers Co., Inc., supra.*

Additionally, the appellees object to the application of the Zoning Board and the City of Philadelphia for intervention in support of Potamkin's appeal. Appellees argue that since the lease expired the entire appeal is moot and thus, the application for intervention should be denied. As I have noted above, the issue concerning the lease expiration was waived and the appeal is not moot. Further, the rules pertaining to appeals by allowance provide that "all parties to the proceeding in the appellate court below shall be deemed parties in the Supreme Court ..." Pa.R.A.P. Rule 1115(b). Appellees' objection to the application for intervention is without merit.