IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Center Street Luxury Apartments, LLC :
                                :
             v.                  :
                                :
Town of Bloomsburg Zoning Hearing :
Board and Town of Bloomsburg :
                                :   No. 908 C.D. 2021
Appeal of: Town of Bloomsburg :   Submitted: September 23, 2022

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: December 15, 2022

The Town of Bloomsburg (Bloomsburg) appeals from a June 17, 2021 order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia County Branch (trial court), in which the trial court reversed the denial of a use variance requested by Center Street Luxury Apartments, LLC (Applicant). The Bloomsburg Zoning Hearing Board (Board) denied the variance on the basis that, *inter alia*, Applicant's asserted hardship was not unique to Applicant's property, but rather, was common to the neighborhood in general. We agree with Bloomsburg that the Board's decision was supported by substantial evidence. Accordingly, upon review, we reverse the trial court's order.

## I. Background

Applicant owns a lot with a three-story building at 240-246 Center Street in Bloomsburg (Property). Applicant purchased the lot and constructed the building in 2009. Under Bloomsburg's zoning ordinance, the Property is in the Commercial District. Reproduced Record (RR) at 16a-18a. The building has commercial tenant space on the first floor and student housing on the second and third floors. Applicant had a commercial tenant for about six years but had not had a commercial tenant for about four years at the time of the hearing before the Board. *Id.* at 24a-27a.

In the Commercial District, student housing is permitted only on the second floor and above. RR at 19a & 102a. Applicant contended that it had been unable to find a commercial tenant for the building's first floor for four years, despite exhaustive efforts to do so. Therefore, Applicant sought a use variance to convert the first floor of the building from commercial space to student housing.

The Board held a hearing on the variance application, at which Applicant's managing member, Matthew Zoppetti (Zoppetti), testified. *See* RR at 22a. Zoppetti stated that other properties in the Commercial District also have first floor commercial tenant space and have had difficulty finding tenants in recent years. *Id.* at 28a-32a. Zoppetti posited that online and "big box" stores have made it difficult for local businesses in the Commercial District to survive. *Id.* at 42a-43a & 45a-46a.

At the conclusion of the hearing, the Board voted unanimously to deny the variance. RR at 65a. The Board's chairman observed that because the hardship asserted by Applicant was not unique to the Property, the proper relief was not a variance, but a request for rezoning. *Id.* at 52a-54a. In its subsequent written

2

decision, the Board similarly found that Applicant failed to prove any hardship unique to the Property and that, in fact, Applicant based its argument on a theme of changing times that was applicable throughout the Commercial District. Applicant's Br., Appendix A (Bd. Dec.) at 2, Finding of Fact (FF) 17; & 3, Conclusion of Law (CL) 8. Accordingly, the Board concluded "this issue is more appropriate for an amendment to the [z]oning [o]rdinance" rather than a variance. *Id.* at 3, CL 9.

In addition, the Board determined that Applicant had failed to prove there was no possibility that the Property could be developed in strict conformity with the zoning ordinance. Bd. Dec. at 3-4, CL 10. The Board concluded that Applicant's difficulty in finding a commercial tenant for the past four years did not mean that the difficulty would continue in the future. *Id.*

Applicant appealed to the trial court, which reversed the Board's decision and granted the variance. Applicant's Br., Appendix B (Trial Court Dec.), at 12. The trial court took no additional evidence and ostensibly made no additional findings of fact. *Id.* at 3. However, the trial court characterized the Property as "a commercial entity . . . surrounded by neighboring residential (student housing) dwellings, many of which are located in the Commercial [] District, making the commercial space undesirable and unmarketable for its intended purpose." *Id.* at 6-7. Further, the trial court described Zoppetti's testimony as "credible and unrebutted" and found that Applicant "tried every possible option for renting the space within the permitted uses, special exception or conditional uses to no avail." *Id.* at 7. Contrary to the Board's determination, the trial court concluded that Applicant's "inability . . . to find a tenant despite years of effort demonstrates a

hardship."[1] *Id.* at 8. Moreover, the trial court posited that "it can be inferred that no commercial tenant is interested in a [p]roperty which is not situated on the main commercial street[,] Main Street. As such, the physical circumstances of the Property are the direct cause of the hardship." *Id.* In addition, the trial court found that Applicant easily found a commercial tenant when the building was first constructed, "but due to a changing economic climate, in the years that followed [Applicant] was unable to rent the space despite its best efforts to do so rendering the bottom floor of the Property useless through no fault of [Applicant]." *Id.* at 9. The trial court also pointed to Applicant's "unrebutted testimony that there are several other student housing dwellings in the immediate area of the Property, and there are other properties in the Commercial [] District that have use variances for first floor student housing." *Id.* The trial court opined that Applicant met all necessary criteria, "the Property was eligible for [a] variance[,] and the . . . Board committed an abuse of discretion in denying the variance." *Id.* at 10. Ultimately, the trial court concluded that Applicant "offered sufficient evidence" to meet the criteria for a variance, and that the Board's contrary conclusion "was not supported by substantial evidence, and was as such an abuse of discretion and must be reversed." *Id.* at 11.

Bloomsburg's appeal to this Court followed.

## II. Issues on Appeal

On appeal, Bloomsburg raises four issues, which we paraphrase as follows. First, Bloomsburg asserts that the trial court erred by finding the Property

---

[1] As set forth above, the Board found as a fact that Applicant based its hardship argument on changing times. Bd. Dec. at 2, FF 17. The Board also rejected Applicant's assertion of hardship arising from inability to find a commercial tenant. *Id.* at 3-4, CL 10.

is subject to a unique hardship, where the record shows the asserted hardship is common to a large portion of the properties in the Commercial District. Applicant's Br. at ix. Second, Bloomsburg contends that the trial court erred by finding the Property has unique physical circumstances or conditions that inflict an unnecessary hardship. *Id.* Third, Bloomsburg argues that the trial court erred by inferring that the Property cannot be developed in conformity with the zoning ordinance. *Id.* Finally, Bloomsburg maintains that the trial court erred by finding Applicant's asserted hardship was not self-imposed. *Id.*

## III. Discussion

### A. Standard of Review

Where the trial court did not take any additional evidence, appellate review of the decision of a zoning hearing board is limited to determining whether the board abused its discretion or committed legal error. *Twp. of Exeter v. Zoning Hearing Bd. of Exeter Twp.*, 962 A.2d 653, 659 (Pa. 2009). An abuse of discretion occurs when a zoning board's findings are not supported by substantial evidence in the record. *Id*. Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the conclusion reached. *Id*. The reviewing court may not substitute its interpretation of the evidence for that of the zoning board, which has "expertise in and knowledge of local conditions." *Tidd v. Lower Saucon Twp. Zoning Hearing Bd.*, 118 A.3d 1, 9, 13 (Pa. Cmwlth. 2015) (citations omitted). Even if the reviewing court might come to a different conclusion, if the zoning board's determination is supported by substantial evidence, it may not be disturbed. *SPC Co. v. Zoning Bd. of Adjustment of the City of Phila.*, 773 A.2d 209, 214 (Pa. Cmwlth. 2001). The zoning board's function is to weigh the evidence and it is the

5

sole judge of the credibility of witnesses and the weight afforded their testimony. *Id.* Further, the appellate court must view the evidence in a light most favorable to the prevailing party, which must be given the benefit of all reasonable inferences arising from the evidence. *Id.* Finally, because we review the Board's decision, we do not address any argument related to the trial court's decision. *Pham v. Upper Merion Twp. Zoning Hearing Bd.*, 113 A.3d 879, 887 (Pa. Cmwlth. 2015).

### B. Applicable Zoning Ordinance Provisions

Section 27-507(2) of Bloomsburg's zoning ordinance permits the following uses in the Commercial District:

> A. Dwelling units on the second floor and above a mixed-use structure.
>
> B. Community living facilities.
>
> C. Retail stores, personal service shops and game rooms.
>
> D. Banks, offices and studios.
>
> E. Specialty shops for custom work and articles to be sold at retail on the premises, such as baking, confectionery, dressmaking, printing and tailoring.
>
> F. Restaurants, cafes, tearooms and taverns.
>
> G. Movie and performing arts theaters.
>
> H. Public and semipublic facilities including parks, playgrounds, commercial and trade schools, clinics, churches and similar places of worship, libraries, public utility buildings.
>
> I. Student housing on the second floor and above a mixed-use structure.
>
> J. Accessory uses on the same lot with the customarily incidental to any of the above permitted uses.
>
> K. Professional massage establishment.

6

BLOOMSBURG, PA., MUN. CODE § 27-507(2) (2018).[2]

Section 910.2(a) of the Pennsylvania Municipalities Planning Code ("MPC"),[3] governing variances, provides:

(a) The [B]oard shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The [B]oard may by rule prescribe the form of application and may require preliminary application to the zoning officer. The [B]oard may grant a variance, provided that all of the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or

---

[2] Paragraph K added by Ord. No. 1011, July 13, 2020.

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2(a).[4]

## C. Hardship Unique to the Property

As set forth above, the first criterion for a variance under the MPC requires an applicant to demonstrate "physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district . . . ." 53 P.S. § 10910.2(a)(1). This requirement is consistent with our Supreme Court's precedent predating the enactment of the MPC. *See Appeal of Michener*, 115 A.2d 367, 371-72 (Pa. 1955).

In *Michener*, the Supreme Court reasoned:

If a . . . [b]oard were to be allowed to grant variances to individual properties because of changes in the district

---

[4] Section 910.2 was added by the Act of December 21, 1988, P.L. 1329.

We note that Bloomsburg's zoning ordinance differs from the MPC's variance provision, in that the first criterion for variance relief under the ordinance is "[t]hat there are unique physical circumstances or conditions including irregularity, narrowness or shallowness of lot size or shape or exceptional topographical or other physical conditions generally created by the provisions of this Chapter in the neighborhood or district in which the property is located." BLOOMSBURG, PA., MUN. CODE § 27-1003(C). To the extent that the zoning ordinance is inconsistent with the requirements of the MPC, the statutory provision controls. *See Atl. Richfield Co. v. Della Vecchia*, 450 A.2d 792, 794 (Pa. Cmwlth. 1982) (stating that "the terms of the MPC take precedence over and invalidate, to the extent of their inconsistency, all local zoning enactments") (additional citation and quotation marks omitted); *Bd. of Supervisors v. Moland Dev. Co.*, 339 A.2d 141, 143-44 (Pa. Cmwlth. 1975) (explaining that ordinances regulating zoning, including variance provisions, must comply with all statutory safeguards provided in the MPC). Neither party argues otherwise.

8

which might perhaps call for a complete reclassification, it would, by such a piecemeal process, be virtually enacting zoning legislation instead of merely performing its function of administering the zoning law prescribed by the governing body of the municipality . . . . [E]ven if the applicant[] [was] justified in [its] contention that the neighborhood had changed somewhat . . . , that fact would not, for the reason stated, justify the allowance of a variance by the [b]oard . . . but only, at best, a call upon the [municipality] to re-zone the district.

*Id.* at 371-72; *see also Hill Dist. Project Area Comm., Inc. v. Zoning Bd. of Adjustment*, 638 A.2d 278, 281 (Pa. Cmwlth. 1994) (explaining that a hardship generally applicable in the area must be remedied by revision of the zoning ordinance, not by a variance).

Here, the Board determined that Applicant failed to demonstrate a hardship to the Property that differed from conditions in the neighborhood generally. That determination was supported by substantial evidence, as discussed above. *See* RR at 28a-32a & 42a-43a.

Bloomsburg asserts that this case is closely analogous to this Court's recent decision in *Johnston v. East Greenville Borough Zoning Hearing Board* (Pa. Cmwlth., No. 376 C.D. 2020, filed Mar. 18, 2021).[5]  We agree.

In *Johnston*, the applicant purchased a building located in a zoning district that required commercial use on the first floor and allowed apartment rentals on upper floors. *Id.*, slip op. at 2.  The applicant had commercial tenants for several years but then sought a variance to convert the first floor to an apartment after she was unable to find a commercial tenant for about two years. *Id.*, slip op. at 2-3.  She argued that local economic conditions made finding commercial tenants difficult.

_____

[5] We cite this unreported decision as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures.  210 Pa. Code § 69.414(a).

9

*Id.*, slip op. at 3. Moreover, the property was across the street from one residential zone and only three to four parcels away from another and was residential in appearance. *Id.* The Borough Council's vice president and the Borough Planning Commission both recommended granting the variance. *Id.*, slip op. at 4. Nonetheless, the zoning hearing board denied the variance, finding that the applicant's asserted hardship was not specific to her property, but was generally created by the zoning ordinance and impacted all of the properties in the commercial zoning district. *Id.*, slip op. at 5. The zoning hearing board found as a fact that the applicant's property was in a neighborhood with "a typical downtown mix of single and multiple family residential buildings with commercial storefronts" and therefore was "not unique in this regard but similar to many others in the area." *Id.*, slip op. at 11 (additional quotation marks omitted). Moreover, difficulty in finding commercial tenants was a problem affecting the entire commercial zoning district, not only the applicant's property. *Id.*

On appeal, this Court rejected the applicant's argument that the zoning hearing board's decision lacked substantial evidence. *Johnston*, slip op. at 16 (citing record evidence that a cluster of properties, including the applicant's property, were all zoned for ground floor commercial use and upper floor apartments and all suffered from the same problem of low commercial tenant interest). Although we recognized that the changing character of a neighborhood may be relevant to the question of hardship, "the zoning board's knowledge of local conditions is entitled to significant deference on appeal." *Id.* "Where changing circumstances in the area as a whole suggest that rezoning by the local legislative body is warranted, the local zoning board exceeds its authority by granting individual variances." *Id.* (citing *Michener* and *Hill District Project*) (additional citation omitted).

10

We find our reasoning in *Johnston* persuasive here. The Property is located in the Commercial District, and owners of other commercial properties are also struggling to find commercial tenants for their ground floor spaces. RR at 28a-32a; *see also id.* at 25a & 36a (Zoppetti's testimony that there are many vacancies in properties on the main street of the Commercial District). Indeed, the premise of Applicant's argument is that big box stores and online businesses such as Amazon have made it difficult for small local businesses to compete, *id.* at 42a-43a & 45a-46a – a premise which, by its very nature, suggests that the Commercial District as a whole, not only the Property, is suffering from the same difficulty. Thus, Applicant's own pleading and evidence support the Board's finding that the area generally, not just the Property, suffers from problems procuring commercial tenants. Moreover, that finding of the Board, which has knowledge and expertise concerning the local area, is entitled to deference from this Court. *Johnston*, slip op. at 16; *see also Tidd*, 118 A.3d at 9 & 13. Accordingly, this case squarely presents a situation requiring a request for zoning change, not a variance, as the proper remedy. Because we agree with Bloomsburg that the Board's decision was supported by substantial evidence, we conclude that the trial court erred in reversing the Board.

Further, the Board did not err in concluding that Applicant failed to demonstrate any unique physical characteristics creating an unnecessary hardship. Although Zoppetti testified that the building on the Property has a narrow frontage along Center Street and is longer in length along an alley, *id.* at 25a, he did not explain why narrow frontage or long exposure along an alley was either a hardship or unique to the Property as distinct from other properties in the vicinity.

11

For all of these reasons, we find no error in the Board's decision to deny Applicant's request for a variance.[6]

## IV. Conclusion

Based on the foregoing discussion, the order of the trial court is reversed.

 

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] In light of our conclusion, we need not reach Bloomsburg's additional arguments.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Center Street Luxury Apartments, LLC :
:
v. :
:
Town of Bloomsburg Zoning Hearing :
Board and Town of Bloomsburg :
: No. 908 C.D. 2021
Appeal of: Town of Bloomsburg :

## O R D E R

AND NOW, this 15th day of December, 2022, the June 17, 2021 order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia County Branch, is REVERSED.

_____
CHRISTINE FIZZANO CANNON, Judge