Cheshire,
No. 5169.

ROBERT R. BURR &a. v. KEENE.

Argued November 5, 1963.
Decided December 30, 1963.

*Cristiano & Kromphold* (*Mr. Joseph T. Cristiano* by brief and orally), for the plaintiffs.

*Homer S. Bradley, Jr.* (by brief and orally), for Emile J. Legere, Elm City Garden Apartments, Inc. and the city of Keene.

WHEELER, J. The major question presented by both appeals is whether someone other than the owner of the real estate may petition for a special exception under the Keene zoning ordinances.

RSA 31:66 provides that the local legislative body shall provide for the appointment of a board of adjustment and pursuant to the authority of the statute "shall provide that the said board may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent . . . ."

Pursuant to the enabling act RSA 31:60-89 Keene has adopted

a zoning ordinance and among others has adopted provisions for special exceptions (Keene Zoning Ordinances Sec. 50-501) the pertinent provisions of which (par. j) provide that a special exception may be granted if the property meets the following qualifications:

"1. The specific site is an appropriate location for such a use,

"2. The use as developed will not adversely affect the neighborhood,

"3. There will be no nuisance or serious hazard to vehicles or pedestrians,

"4. Adequate and appropriate facilities will be provided for the proper operation of the proposed use."

It is conceded that the zoning ordinance does not expressly provide who may apply for a special exception and the question has not been raised here before. However the plaintiff argues that since the zoning ordinance (50-502) with respect to granting a variance speaks only of the owner of the property it must logically follow that only the owner may apply for a special exception since the difference between the two types of relief are not great. *Stone* v. *Cray*, 89 N. H. 483.

While it is true as we said in *Stone, supra*, 487, that "in practice sharp distinction between exceptions and variances may not in all cases be readily made . . ." there is a major difference between the two since there is no necessity for a hardship to exist in order to qualify for a special exception. RSA 31:72 II, III. An option holder cannot qualify for a variance since such a petitioner cannot suffer the hardship of the owner, which is one of the necessary conditions of a variance. *Conery* v. *Nashua*, 103 N. H. 16, 19.

As pointed out by counsel for the defendants no useful purpose would have been served by requiring the owners' signatures on the petitions. The prospective purchasers were the real parties in interest and the only ones who could furnish the information which the board needed in order to make its decision. Neither owner objected to the petitions for an exception and Legere, before the rehearing, became the owner of the real estate at 118 Washington Street.

We think in the circumstances of these cases the petitioners have standing to apply for special exceptions under the Keene zoning ordinances. *Carson* v. *Board of Appeals of Lexington*, 321 Mass. 649. See Annot. 89 A.L.R. 2d 664, 667, 669. In

light of the foregoing it is unnecessary to further answer the questions transferred.

*Exceptions overruled.*

All concurred.