Leathem S. STEARN, Defendant/Third–
Party Plaintiff Below, Appellant,
Cross–Appellee,

v.

David H. KOCH and Showcase Communi-
cations Network, Ltd., Plaintiffs Below,
Appellees, Cross–Appellants.

Supreme Court of Delaware.

Submitted: May 21, 1993.
Decided: June 22, 1993.
Reargument Denied July 22, 1993.

Brian J. Bartley of Sullivan & Bartley,
Wilmington, and Sheldon D. Camhy (ar-
gued), and Scott D. Stechman of Camhy,
Karlinsky & Stein, New York City, for
defendant, cross-appellee.

Michael Hanrahan (argued), and April
Caso Ishak of Prickett, Jones, Elliott, Kris-
tol & Schnee, Wilmington, for plaintiffs,
cross-appellants.

Before VEASEY, C.J., and HORSEY, and HOLLAND, JJ.

HOLLAND, Justice:

This proceeding originated with a request for this Court to review a final judgment of the Court of Chancery. The appeal was voluntarily dismissed. The issue raised by the cross-appeal has become moot. We have concluded, *sua sponte*, that the cross-appeal in this civil matter should be dismissed. That portion of the judgment entered by the Court of Chancery, which was at issue in the cross-appeal, will also be vacated.

*Facts*

The plaintiffs-appellees, cross-appellants are David H. Koch ("Koch"), a stockholder and director of Showcase Communications Network, Ltd. ("Showcase") and Showcase. The defendant and third party plaintiff-appellant, cross-appellee is Leathem S. Stearn ("Stearn"), a Showcase stockholder and former director. The parties' various contentions relate to Stearn's removal as Showcase's President and Chief Executive Officer, by the Showcase board of directors, at a meeting held on April 7, 1992 ("the April 7 Meeting").

The record reflects that, prior to the April 7 Meeting, Showcase was experiencing financial difficulties and needed additional funds in order to continue its operations. One of the financing alternatives presented to Showcase's board of directors was an offer from Koch to invest up to $2 million in Showcase ("the Koch Offer"). However, the Koch Offer was subject to the condition that Stearn resign as President and Chief Executive Officer. Stearn did not support this proposal and continued to pursue other possible financing alternatives.

On April 6, 1992, Koch and two other directors of Showcase ("the Koch Group") arranged for a special meeting of the board of directors to be held on April 7, 1992.[1] Stearn was informed that the purpose of the meeting was to discuss the Showcase financial dilemma and to further consider the Koch Offer. Stearn was asked to waive the ten day notice of meeting provision contained in the Showcase By–Laws.

Stearn attended the April 7 Meeting. During that meeting, a resolution was proposed to remove Stearn as President and Chief Executive officer of Showcase. The motion was seconded. The three directors constituting the Koch Group voted in favor of the motion. During the April 7 Meeting, Koch also appointed William DeSena ("DeSena"), a fifth director, under the authority vested in him through Showcase's Amended Certificate of Incorporation.

Immediately after the removal of Stearn as President and Chief Executive officer, the remaining directors approved a resolution engaging Delaware legal counsel to file an action under 8 *Del.C.* § 225.[2] Delaware counsel was directed to seek a declaration from the Court of Chancery that the Showcase board's action, removing Stearn at the April 7 Meeting, was valid. The proceedings in the Court of Chancery consisted of a three day trial followed by post-trial briefing.

In a Memorandum Opinion dated July 28, 1990, the Court of Chancery found that the Koch Group had achieved Stearn's removal through deception and deceit. Specifically, the Vice Chancellor found that Stearn had been tricked into attending the April 7 Meeting and that the meeting was held for the express purpose of removing him as President and Chief Executive Officer. The Vice Chancellor further ruled that Stearn was disadvantaged by the failure of

---

1. The record reflects that prior to the April 7 meeting, the board of directors was comprised of Stearn, Koch, George R. Bunn and Jerome Ginsberg.

2. Title eight of the Delaware Code, Section 225 provides as follows:
   **Contested election of directors; proceedings to determine validity.**

   (a) Upon the application of any stockholder or director ... the Court of Chancery may hear and determine the validity of any election of any director, member of the governing body, or officer of any corporation, and the right of any person to hold such office ... and to that end make such order or decree in any such case as may be just and proper....

the other directors to communicate their plans to remove him, when they informed Stearn of the April 7 Meeting and asked him to waive the ten day notice period required by the Showcase by-laws. Consequently, the Vice Chancellor held that Stearn was not validly removed as President and Chief Executive Officer at the April 7 Meeting. Conversely, the Vice Chancellor ruled that the election of DeSena as a fifth director of Showcase at the April 7 Meeting was valid.

### Procedural History on Appeal

On August 27, 1992, Stearn filed a Notice of Appeal challenging the Court of Chancery's ruling that DeSena had been validly elected to the Board of Directors. On September 9, 1992, Koch and Showcase filed the instant cross-appeal, challenging the Vice Chancellor's determination that the removal of Stearn at the April 7 Meeting was invalid. In November 1992, Stearn resigned as a director of Showcase and withdrew from management. On November 25, 1992, Stearn stipulated to the voluntary dismissal of his direct appeal.

Koch and Showcase proceeded with the cross-appeal. It was briefed, and later, argued before a panel of this Court on May 12, 1993. At oral argument, this Court inquired, *sua sponte,* whether the cross-appeal had been rendered moot by Stearn's resignation. The parties were directed to submit supplemental memorandum on the issue of mootness.

### Stearn's Resignation Moots His Removal

■ In November of 1992, Stearn resigned as an officer and director of Showcase and stipulated to the dismissal of his direct appeal. Clearly, there is no actual controversy remaining between the parties about whether Stearn has been validly removed as President and Chief Executive Officer of Showcase. Consequently, the cross-appeal has become moot.

■ Nevertheless, Koch and Showcase urge this Court to decide whether Stearn was validly removed from office at the April 7 Meeting, notwithstanding his subsequent resignation in November. "Dela-ware law is well settled that this Court's jurisdiction over appeals from the Court of Chancery does not require us to 'entertain suits seeking an advisory opinion or an adjudication of hypothetical questions....'" *Stroud v. Milliken Enterprises,* Del.Supr., 552 A.2d 476, 479 (1989) (quoting *Rollins International, Inc. v. International Hydraulics Corp.,* Del.Supr., 303 A.2d 660, 662–63 (1973)). Accordingly, where an appeal or cross-appeal has become moot, as in the case *sub judice,* it must be dismissed. *Id.* at 481; *State v. Mancari,* Del.Supr., 223 A.2d 81, 82–83 (1966).

### Rule of Vacatur

■ The United States Supreme Court has an established practice for dealing with a case that has become moot during the appellate process. It is, upon application of a party, to vacate the judgment below and to remand with the direction to dismiss, where the interests of justice so require. *Great Western Sugar Co. v. Nelson,* 442 U.S. 92, 93–94, 99 S.Ct. 2149, 2149–50, 60 L.Ed.2d 735 (1979); *United States v. Munsingwear Inc.,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950); *Duke Power Co. v. Greenwood County,* 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936); *Harris v. Board of Governors of the Federal Reserve System,* 938 F.2d 720, 723 (1991). This practice is known as the rule of vacatur. *Harris v. Board of Governors of the Federal Reserve System,* 938 F.2d at 723–24. The rationale for the rule of vacatur is "that those who have been prevented from obtaining the [appellate] review to which they are entitled should not be treated as if there had been [an adverse determination upon] review." *United States v. Munsingwear, Inc.,* 340 U.S. at 39, 71 S.Ct. at 106.

■ The rule of vacatur exists for the protection of a party whose desire for appellate review has been thwarted. *Harris v. Board of Governors of the Federal Reserve System,* 938 F.2d at 724. Therefore, the rule of vacatur is not required to be applied by an appellate court in the absence of a request by a party. *Id.* The rule of

vacatur is usually invoked, when there is companion litigation pending between the same parties, to eliminate what would otherwise be the procedural bar of *res judicata. Id.*

The rule of *res judicata* is as follows: ... [A] right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.

*United States v. Munsingwear, Inc.*, 340 U.S. at 38, 71 S.Ct. at 106. Thus, there is no doubt that the judgment in the first suit is binding in subsequent suits, "if an appeal, though available, had not been taken or perfected." *Id.* at 39, 71 S.Ct. at 106.

█ Koch and Showcase have requested that if this Court dismisses their cross-appeal, it also vacate the decision of the Court of Chancery. They cite two factors in support of that application. First, it was Stearn who resigned, thereby causing this Court, *sua sponte*, to raise the question of mootness with respect to the issue of his removal from the Showcase board on April 7 and, ultimately, to dismiss their cross-appeal. Second, Koch and Showcase have represented to this Court that there is companion litigation currently pending among all of the parties to this cross-appeal in the Court of Chancery.

This Court has concluded that it would be contrary to the interests of justice to allow the judgment of the Court of Chancery to have any precedential or preclusive *res judicata* effect against Koch and Showcase. Their cross-appeal has been dismissed as moot, because of an event beyond their control, i.e., Stearn's resignation. *United States v. Munsingwear Inc.*, 340 U.S. at 39–40, 71 S.Ct. at 106–07. *See also, Harris v. Board of Governors of the Federal Reserve System*, 938 F.2d at 724.

The fact that a reexamination of the decision challenged by the cross-appeal will not be barred *per se* by the rule of *res judicata* does not mean, however, that the Court of Chancery is precluded from again reaching the conclusion that Stearn's removal at the April 7 Meeting was invalid.

### Conclusion

The proceedings in this Court have become moot. The cross-appeal is dismissed. In the interests of justice, the request of Koch and Showcase for this Court to apply the rule of vacatur, is granted. This matter is remanded to the Court of Chancery with directions to vacate that portion of its final judgment which was at issue in the cross-appeal.

### Motion for Reargument

This 22nd day of July, 1993, the Court has before it Stearn's motion for reargument, which requests this Court not to apply the rule of vacatur. Stearn contends that his resignation did not moot the cross-appeal, because he resigned only as a director and not as the president of Showcase. For the purpose of deciding Stearn's motion, we have assumed, *arguendo*, that his contention is correct.

Koch and Showcase have responded to Stearn's motion for reargument. Their response also assumed, for the purpose of the motion, that Stearn's contention is correct. Nevertheless, Koch and Showcase submit that Stearn's motion should be denied. Koch and Showcase argue the record reflects that, independent of Stearn's resignation, the voluntary dismissal of his direct appeal made their cross-appeal moot and, thus, an application of the rule of vacatur was appropriate. We agree.

When Stearn filed his direct appeal on August 27, 1992, he challenged the election of DeSena to the Showcase Board of Directors at the April 7 Meeting, *following* the vote to remove Stearn as an officer. The record reflects that on August 10, 1992, the Showcase Board of Directors, by 3 votes (including the vote of DeSena) to 2 votes (Stearn and his designee), adopted resolutions ratifying the removal of Stearn

as Showcase's president and chief executive officer. Consequently, if Stearn had prevailed on his direct appeal, the Showcase Board's August 10 vote, ratifying Stearn's removal as an officer on April 7, would be invalid.

In their cross-appeal, Koch and Showcase challenged the Court of Chancery's ruling that Stearn's removal, as president and chief executive officer at the April 7 Meeting was invalid. If the cross-appeal had been successful, Stearn would have been validly removed on April 7, 1992, *even if* his direct appeal on the issue of DeSena's subsequent election at the April 7 Meeting also had been successful. Therefore, as long as Stearn pursued his direct appeal, the cross-appeal would not have been moot.

On November 30, 1992, Stearn's direct appeal was voluntarily dismissed. When Stearn voluntary dismissed his direct appeal, the judgment of the Court of Chancery, upholding the validity of DeSena's election as a director at the April 7 Meeting, became final. Accordingly, Stearn's voluntary dismissal also rendered final any challenge to the action of the Showcase Board of Directors on August 10, 1992, ratifying Stearn's removal as an officer at the April 7 Meeting.

Thus, the undisputed record reflects a separate action by Stearn which made the cross-appeal by Showcase and Koch moot and, thereby, defeated their opportunity for appellate review, i.e., Stearn's voluntary dismissal of his direct appeal. That action by Stearn is an independent, alternative basis for adhering to the original decision of this Court to dismiss this matter as moot and to invoke the rule of vacatur. Accordingly, Stearn's motion for reargument is DENIED.