Malcom I. GLAZER, Avram A. Glazer, Ronald C. Lassiter, Robert V. Leffler, W. George Loar and Zapata Corporation, Defendants Below, Appellants,

v.

Arnold PASTERNAK, Plaintiff Below, Appellee.

No. 426/431, 1996.

Supreme Court of Delaware.

Submitted: March 11, 1997.
Decided: May 5, 1997.

Allen M. Terrell, Jr. (argued), Anne C. Foster, Catherine G. Wagner and Brigitte V. Fresco of Richards, Layton & Finger, Wilmington; Of Counsel: R. Paul Yetter of Baker & Botts, L.L.P., Houston, TX, for Appellants Lassiter, Leffler, Loar and Zapata Corporation.

Edward M. McNally, P. Clarkson Collins, Jr. and Joseph C. Schoell (argued), of Morris, James, Hitchens & Williams, Wilmington; Of Counsel: Beryl Nusbaum and Gordon E. Forth of Woods, Oviatt, Gilman, Sturman & Clarke, L.L.P., Rochester, NY, for Appellants Malcolm I. Glazer and Avram A. Glazer.

Elizabeth McGeever of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington; Of Counsel: Daniel F. Wake (argued), of Krendl, Horowitz & Krendl, Denver CO, for Appellee.

Before VEASEY, C.J., HARTNETT and BERGER, JJ.

## PER CURIAM:

Zapata Corporation and its directors (collectively "Zapata") appeal from a decision of the Court of Chancery enjoining a proposed merger between Houlihan's Restaurant Group, Inc. and a wholly-owned Zapata subsidiary. On the same day this appeal was docketed, a Zapata special committee announced the termination of the Houlihan's Merger Agreement. Appellee, a Zapata stockholder, moved to dismiss the appeal as moot. We conclude that the issue on appeal—whether a supermajority voting provision in Zapata's certificate of incorporation applies to mergers with Zapata subsidiaries—is not one that is so likely to recur or be of such public importance as to warrant appellate review after the transaction has been abandoned. We agree with Zapata, however, that the trial court's decision should be vacated in order to eliminate the precedential effect it otherwise might have in future litigation.

## I. FACTS

In September 1995, Zapata's board created a special committee to consider the possible acquisition of Houlihan's, a company controlled by Zapata's chairman, Malcolm Glazer. After months of negotiations, the parties entered into a Merger Agreement in June 1996, pursuant to which Houlihan's would merge into a newly-formed Zapata subsidiary and Houlihan's stockholders would receive Zapata stock in exchange for their Houlihan's stock.

The Merger Agreement provided for stockholder approval by a simple majority vote. A Zapata stockholder challenged the proposed merger alleging, among other things, that the transaction was governed by Article SEVENTH of the Zapata certificate of incorporation, which requires approval by 80 percent of the stockholders for specified transactions. The parties agree that the Houlihan's merger would have triggered the supermajority vote provision if Houlihan's were merging into Zapata, the parent company. The issue is whether Article SEVENTH also applies where the merger is with a Zapata subsidiary.

The Court of Chancery held that the supermajority provision applies to mergers with Zapata subsidiaries. Accordingly, the trial court enjoined the proposed Houlihan's merger. Less than a week after the injunction was entered, Zapata filed this appeal. At the same time, the Zapata special committee announced that it terminated the Houlihan's Merger Agreement.

## II. MOOTNESS

■ The termination of the Houlihan's Merger Agreement mooted the injunction entered by the Court of Chancery. Nonetheless, Zapata argues that this Court should decide its appeal because the proper interpretation of Article SEVENTH is likely to recur and is an issue of public importance. We are not persuaded by either argument.

■ This Court generally does not provide advisory opinions. As a result, a controversy that has become moot normally will be dismissed.[1] Mootness does not mandate dis-

1. *Stearn v. Koch,* Del.Supr., 628 A.2d 44, 46 (1993).

missal, however, if the issue on appeal is one that is likely to recur.[2] Zapata invokes this exception to the mootness doctrine, arguing that the company frequently makes acquisitions through transactions involving Zapata subsidiaries.

We do not dispute Zapata's factual assertion. But it does not necessarily follow that Article SEVENTH will be implicated in a future transaction involving a Zapata subsidiary. The high vote requirement is triggered only if the entity involved in the transaction owns five percent or more of Zapata's stock. Even if Article SEVENTH arguably were to apply to a future transaction, there still might be no controversy. Zapata might decide to condition the transaction on a supermajority vote regardless of the requirements of Article SEVENTH. Alternatively, Zapata's certificate of incorporation might be amended to eliminate or modify Article SEVENTH before any such transaction. Accordingly, we are satisfied that the issue presented in this appeal does not meet the "likely to recur" exception.

Zapata also contends that this Court should decide the appeal because it presents a matter of public importance.[3] Zapata suggests that the trial court's decision will be used to relax the standards by which supermajority provisions are interpreted generally and that appellate review is appropriate to resolve this broader issue. We disagree. First, the trial court's decision does not purport to create any new standards governing the interpretation of supermajority provisions. Second, since the decision will be vacated, it will have no impact on future law.

### III. VACATUR

On request, this Court will vacate the trial court's decision if the appeal has become moot and justice so requires.[4] Zapata has asked for this relief and we conclude that the rule of vacatur should be applied. Zapata has been prevented from obtaining appellate review and, under the circumstances, it should not be bound by the precedential effect of the trial court's decision.

### IV. CONCLUSION

Based upon the foregoing, this appeal is DISMISSED AS MOOT, and the matter is REMANDED to the Court of Chancery for the purpose of vacating its judgment.

---

**2.** *Texaco Refining and Marketing v. Wilson,* Del. Supr., 570 A.2d 1146, 1147 (1990).

**3.** *McDermott, Inc. v. Lewis,* Del.Supr., 531 A.2d 206, 211 (1987).

