Eldon L. MITCHELL and Judith N. Mitchell, his wife, Wayne Van Auken and Patricia Van Auken, his wife, Norman Christopherson and Theresa Christopherson, his wife, William M. Headley and Joanne Headley, his wife, and Alvin Kruger and Josephine Kruger, his wife, Petitioners Below, Appellants,

v.

The BOARD OF ADJUSTMENT OF SUSSEX COUNTY, Ronald McCabe, Dale A. Callaway, L. William Wheatley, Margaret T. Hudson and John M. Mills, constituting the Sussex County Board of Adjustment and in their capacity as Members of the Sussex County Board of Adjustment, and County Seat Materials, L.L.C., a Delaware limited liability company, Respondents Below, Appellees.

No. 213, 1997.

Supreme Court of Delaware.

Submitted: Dec. 2, 1997.
Decided: Feb. 11, 1998.
Rehearing Denied Feb. 27, 1998.

George F. Gardner, III (argued), Parkowski, Noble & Guerke, P.A., Dover, for Petitioners Below, Appellants.

Peter B. Jones, Berl & Jones, P.A., Georgetown, for Respondent Below, Appellee, Sussex County Board of Adjustment.

James A. Fuqua, Jr. (argued), Fuqua & Yori, P.A., Georgetown, for Respondent Below, Appellee, County Seat Materials.

Before HOLLAND, HARTNETT and BERGER, JJ.

HARTNETT, Justice.

Appellants, Eldon E. Mitchell, *et al.* ("the Mitchells"), appeal the Superior Court's holding that affirmed the decision of the Board of Adjustment of Sussex County granting a special use permit to Appellee, County Seat, L.L.C. The permit would allow the construction and operation of an asphalt mixing plant in an area zoned for light industrial use in Sussex County.

The Mitchells, who are owners of nearby properties, contend that the Superior Court erred in finding that County Seat, a tenant as defined by § 115–208 of the Sussex County Code ("Code"), did not lose its standing to obtain the special use permit it sought when it voided its lease and entered into a new lease, during the pendency of the Mitchells' appeal in the Superior Court.

We find that the Superior Court incorrectly found that County Seat's standing as a tenant-applicant continued after it voided its lease and, therefore, we hold that County Seat lost its standing to obtain the special use permit it sought and this litigation is therefore moot. We therefore **REVERSE**.

Additionally, the Mitchells argue that the Superior Court erroneously found that the submission by County Seat of a revised site plan to the Board of Adjustment on the evening of the public hearing did not deny them an adequate opportunity to review the impact of the proposed new site plan upon the community. We need not consider that contention, however, in view of our holding that the suit is now moot.

**I.**

On February 5, 1995, County Seat entered into a ground lease with the Sussex County Council for a 19.38 acre parcel of land, owned by the County, in its Industrial Park in Georgetown, Delaware. The lease provided for an initial term of 20 years, with an option to renew for an additional 20 years. County Seat intended to construct and operate an asphalt mixing plant on the leased property, which was zoned as being in the Light Industrial District (LI–2) under the Code. Because the LI–2 district does not permit the construction of an asphalt plant, County Seat applied for a special use exception with the Board of Adjustment of Sussex County pursuant to § 115–105 and § 115–208A of the Code.[1]

At the noticed public hearing on March 25, 1996, County Seat presented a revised site plan which differed from the original site plan submitted with its application on February 7, 1996. The revised site plan proposed a smaller project on the site by eliminating the proposed construction of a cement plant, moving the location of the asphalt plant further away from nearby residences, and reducing the size of the stone depots. At the hearing, in addition to other objections, the Mitchells objected to the last minute submission of the revised site plan.

On May 13, 1996, the Board of Adjustment approved County Seat's application for an asphalt plant for a period of five years, subject to certain conditions.[2] On June 11, 1996, the Mitchells appealed the Board's decision to the Superior Court.[3] While that appeal

---

1. In prior litigation, it was determined that a special use exception was required, notwithstanding that Sussex County, a governmental agency, was the owner and lessor of the property. *Kruger v. Board of Adjustment*, Del.Super., C.A. No. 95A–06–001, 1996 WL 111163, Lee, J. (January 31, 1996) (Mem.Op.). This ruling was not appealed.

2. The Board orally approved the application on April 22, 1996 and issued its written opinion on May 13, 1996.

3. Pursuant to 22 Del.C. § 328, the Superior Court has jurisdiction to hear appeals challenging the illegality of the Board's decision.

was pending, County Seat, as Tenant, and the County Council, as owner, agreed to terminate the original Lease Agreement, dated February 3, 1995, and to enter into a new lease which more closely followed the conditions imposed by the Board of Adjustment. On September 10, 1996, Sussex County and County Seat entered into an agreement ("the Termination Agreement") which declared the original lease dated February 3, 1995 to be "null and void and of no legal effect whatsoever." Later that same day, the parties entered into a new lease which provided for an initial term of five years, but postponed the commencement of the initial term and the commencement of rental payments until resolution of any appeal of the Board of Adjustment's decision granting the special use exception.

On April 17, 1997, the Superior Court affirmed the decision of the Board of Adjustment that granted the special use exception to County Seat.[4] The Mitchells now appeal from that decision.

## II.

■ The determinative issue presented in this appeal is whether County Seat's termination of its lease, that had been presented to the Board as the basis for its right to seek a special use exception, renders this litigation moot.

Our review of the Superior Court's determination that County Seat preserved its standing for appeal when it entered into a new lease after the termination of its original lease is a question of law requiring a *de novo* review.[5]

## III.

■ "The primary appellate function of this Court and the Superior Court is to review and decide actual controversies."[6] An action may become moot when the requisite interest that must exist in the outcome of the litigation at the time the action is commenced ceases to exist.[7] Under the doctrine of mootness, an action must be dismissed when it fails to present a controversy which is capable of judicial resolution, or if a party has been divested of standing.[8]

The Mitchells argue that, upon termination of the original Lease Agreement on September 10, 1996, County Seat ceased to be a tenant, as defined by Section 115–208A of the Sussex County Code, thereby losing its standing to receive the special use exception that it was seeking and rendering this suit moot.

## IV.

Section 115–208A of the Sussex County Code limits the parties who may petition to obtain a special use exception. The Section reads in pertinent part:

Applications for special exceptions, interpretations and variances may be made by any property owner, **tenant**, government official, department, board, or bureau. (emphasis added).[9]

At the time County Seat submitted its application for a special use exception, it was agreed that it was a "tenant" under the original Lease Agreement, dated February 3, 1995.

After the Board of Adjustment approved County Seat's application for the special use exception, and while the Mitchells' appeal from the Board's decision was pending in the Superior Court, County Seat and Sussex County entered into the September 10, 1996 Termination Agreement that stated it rendered "null and void and of no legal effect whatsoever" the February 3, 1995 Lease

4. *Mitchell v. Board of Adjustment*, Del.Super., C.A. No. 96A–06–001, 1997 WL 364071, Lee, J. (April 17, 1997) (Mem.Op.).

5. *General Motors, Corp. v. New Castle County*, Del.Supr., 701 A.2d 819, 822, (1997); *Appeal of Infotechnology, Inc.*, Del.Supr., 582 A.2d 215, 218 (1990). *Accord Grand Venturers, Inc. v. Whaley*, Del.Supr., 632 A.2d 63, 66 (1993).

6. *General Motors*, 701 A.2d at 823 (citing Del. Const. art. IV, § 11; *Stroud v. Milliken Enterprises*, Del.Supr., 552 A.2d 476, 479 (1989)).

7. *Id.* (citing *Glazer v. Pasternak*, Del.Supr., 693 A.2d 319, 320 (1997)). *Accord Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617, (1937).

8. *Id.*

9. Sussex County Code § 115–208A.

Agreement.[10] Consequently, County Seat's standing to receive the special use exception was terminated at that time, rendering this suit moot.[11]

County Seat argues that it preserved its status as a tenant and its standing in this suit by entering into a new lease on the same day the Termination Agreement was executed. The new lease, however, was never presented to, or considered by, the Board of Adjustment.[12] Moreover, neither the original lease, the Termination Agreement, nor the new lease contains any provision for the preservation of County Seat's status as a lessee upon termination of the original lease. The arguments of County Seat are, therefore, not persuasive.

## V.

██ County Seat also asserts that it continues to have standing to maintain this appeal based on a letter from the County Council authorizing it to seek a special use permit for the property. It cites *Taco Bell v. City of Mission*,[13] *Martin Marietta Aggregates v. Bd. of County Comm'rs.*,[14] and *Burr v. Keene*.[15] County Seat's reliance on those cases is misplaced because the zoning ordinances at issue in *Taco Bell*, *Martin Marietta*, and *Burr*, either were silent as to who could make an application for a special use permit or specifically authorized the owner's agent to make an application.[16] In contrast,

Section 115–208A of the Sussex County Code, which states who may apply for a special use permit, does not permit an "authorized agent" to make an application.

Further, County Seat cannot claim that Sussex County, as the owner, applied for the permit because the only signature on the application is that of County Seat's president, A.P. Croll.[17]

## VI.

██ Lastly, County Seat argues that Mitchell's failure to assert the alleged lack of standing in the Verified Petition for Judicial Review by Writ of Certiorari in the Superior Court, as required by 9 Del.C. § 6918(a), and its failure to raise that issue to the Board of Adjustment at the hearing on the application bars appellate review of the issue of standing.

██ Because the issue of the voiding of the lease, factually, did not arise until after the Board of Adjustment approved County Seat's application, and occurred after the Mitchells commenced their appeal to the Superior Court, it was not capable of being alleged in the petition for review or asserted at the hearing before the Board. Moreover, it is well-settled Delaware law that this Court is not required to "entertain suits seeking an advisory opinion or an adjudication of hypothetical questions." [18]

**10.** By Agreement dated September 10, 1996, Sussex County and County Seat Materials, L.L.C. agreed that "The Lease Agreement, dated the 3rd day of February, 1996, is hereby terminated by agreement of the parties and shall from this day forward be null and void and of no legal effect whatsoever."

**11.** *See West Torresdale Civic Assoc. v. Zoning Bd. of Adjustment*, Pa.Supr., 525 Pa. 106, 576 A.2d 352, 353–54 (1987) (holding that an appeal was moot because the lease automatically terminated when the commencement conditions of the lease, which required approval of zoning changes within the one year of the lease date, were not satisfied).

**12.** Because the new lease, dated September 10, 1996, was not presented to the Board at the hearing, it is not necessary to address the issue of whether the new lease created a "landlord-tenant" relationship sufficient to qualify County Seat as a "tenant" under Section 115–208A of the Sussex County Code.

**13.** Kan.Supr., 234 Kan. 879, 678 P.2d 133 (1984).

**14.** Kan.Ct.App., 5 Kan.App.2d 774, 625 P.2d 516 (1981).

**15.** N.H.Supr., 105 N.H. 228, 196 A.2d 63 (1963).

**16.** In *Taco Bell*, the zoning ordinance specifically allowed a landowner "or his authorized agent" to submit an application. *Taco·Bell*, 678 P.2d at 138. In *Martin Marietta* and *Burr*, the zoning ordinances were silent as to who may make an application. *Martin Marietta*, 625·P.2d at 522; *Burr*, 196 A.2d at 65.

**17.** Since Sussex County's name only appears on the application as the owner of the property, it also lacks standing. *See West Torresdale Civic Assoc. v. Zoning Bd. of Adjustment*, Pa.Supr., 525 Pa. 106, 576 A.2d 352, 354 n. 4 (1987).

**18.** *See Stroud v. Milliken*, Del.Supr., 552 A.2d 476, 479 (1989) (quoting *Rollins Int'l, Inc. v. International Hydronics Corp.*, Del.Supr., 303 A.2d 660, 662 (1973)).

We find, therefore, that County Seat lost its standing as a tenant-applicant when it entered into the Termination Agreement that specifically rendered the earlier lease "null and void and of no legal effect whatsoever" and that its entry into a new lease agreement did not remedy the defect. Because County Seat does not now have standing to obtain the special use permit it seeks in this litigation, the litigation is moot and must be dismissed.

Because this litigation is moot, it is not necessary to consider the other issue of whether the substitution of a revised site plan on the evening of the March 25, 1996, public hearing deprived the Mitchells of adequate notice.

## VII.

The judgment of the Superior Court is, therefore, **REVERSED.**