COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

May 29, 2015

Bruce L. Silverstein, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

Re:  *Shocking Technologies, Inc. v. Michael*
C.A. No. 7164-VCN
Date Submitted: February 17, 2015

Dear Mr. Silverstein:

I write to address Defendant Simon J. Michael's ("Michael") Motion for Vacatur, filed under Court of Chancery Rule 60(b).[1] Michael, in essence, seeks the cancellation of the Court's Memorandum Opinion of September 28, 2012, revised October 1, 2012 (the "Memorandum Opinion"), which concluded that he had breached his fiduciary duties as a director of Plaintiff Shocking Technologies, Inc.

---

[1] Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (5) . . . it is no longer equitable that the judgment should have prospective application; or (6) any other reasons justifying relief from the operation of the judgment.

("Shocking").[2] Despite Michael's conduct, no liability, other than for routine court costs, was assessed because Shocking did not establish that his behavior had materially impacted a potential investor. Shocking has since been liquidated in bankruptcy. That bankruptcy effectively thwarted Michael's desire to appeal. His application is essentially about a matter of reputation.

In the Memorandum Opinion, the Court asked counsel to submit a form of implementing order. That did not occur. Thus, there was nothing for Michael to appeal, and Shocking's fiscal problems would have denied him the opportunity to appeal any judgment, even if one had been entered.[3] The fact that judgment was not entered, as it would have been in the ordinary course, cannot be blamed on Michael. If judgment had been entered, he would have been able to appeal the imposition of costs.[4]

---

[2] *Shocking Techs., Inc. v. Michael*, 2012 WL 4482838 (Del. Ch. Oct. 1, 2012). There is no opposition to the motion. *See* Letter of Bruce L. Silverstein, Esq., Feb. 17, 2015, Ex. B. Dismissal of the remaining claims against Michael is clearly appropriate. He has committed to dismiss his claims against former fellow Shocking directors.

[3] Of course, Rule 60(b) is not limited to correcting judgments; the Court is authorized to relieve a party from "a final judgment, order, or proceeding."

[4] Whether that would have been an economically prudent decision is not for the Court to resolve.

However, the relief that Michael seeks is troubling. The Memorandum Opinion demonstrated how badly behaving directors can still be sanctioned in a public forum, even if the removal process contemplated by 8 *Del. C.* § 225(c) is not a readily viable option. Michael's conduct understandably motivated three other Shocking directors to seek to have him removed from the board. Yet a court's involvement in such efforts should be rare. Not only is board membership generally a matter for the stockholders, but the removal process set forth legislatively counsels caution and close adherence to proper procedures. That is an important lesson from this case, and one that might be lost if vacatur is granted. Nonetheless, the appellate process exists for many purposes, and, one must assume, Michael's reputation is one of them, especially where he would have had the right to appeal if judgment had been entered as one would have anticipated.[5]

Thus, this is a case where a party who has lost the opportunity to appeal, through no fault of his own, may properly seek vacatur. Michael operates an investment fund. Although he does not claim to have lost clients because of what happened in this action, he understandably is concerned about the potential

---

[5] Although Michael's conduct may have interfered with Shocking's efforts to raise needed financing, the Court has no factual basis for concluding that Michael's post-opinion conduct had any effect on Shocking's survival.

business risk of lingering reputational concerns, disclosure obligations, and liability insurance issues. Collateral ramifications, even if the direct relief at issue is not material, will support a motion under Rule 60(b)(5) & (6) in order to protect a party whose expectation of appellate review has been frustrated because of events not within his control.[6]

Accordingly, the Memorandum Opinion will be vacated. Michael's proposed implementing order will be entered.

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:  Kevin G. Abrams, Esquire
     Daniel A. Dreisbach, Esquire
     Paul D. Brown, Esquire
     Register in Chancery-K

---

[6] *See, e.g.*, *Stearn v. Koch*, 628 A.2d 44, 46 (Del. 1993); *see also Tyson Foods Inc. v. Aetos Corp.*, 818 A.2d 145, 148 (Del. 2003) ("This so-called 'interests of justice' standard is no doubt met where the party seeking appellate review is *thwarted* by some event beyond its control.").