IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GENELUX CORPORATION and RONALD SIMUS, | § § § | No. 631, 2015 |
| Plaintiffs Below-Cross-Appellees, | § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § § | C.A. No. 10042-VCM |
| ALBERT ROEDER and BYRON GEORGIOU, | § § § | |
| Defendants Below-Cross-Appellants, | § § § | |
| and | § § | |
| DR. ALADAR SZALAY, | § § § | |
| Intervenor Below-Cross-Appellant. | § § | |

Submitted: June 30, 2016
Decided: July 6, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices, constituting the Court *en Banc*.

**O R D E R**

This 6th day of July 2016, having considered the defendants' motion for partial vacatur of judgment and the plaintiffs' opposition to that motion, we find it evident that: On June 9, 2016, we dismissed the defendants' cross-appeal as moot because no financial consequences remained in controversy after the plaintiffs

advanced the attorneys' fees and expenses sought by the defendants.[1] The defendants now ask this Court to vacate paragraph 3 of the Court of Chancery's October 22, 2015 Final Order and Judgment, which denied their request for additional sanctions and attorneys' fees and expenses.[2] We acknowledge that vacatur is available only in a limited set of circumstances, but this appeal presents unusual circumstances in which the defendants' opportunity to seek our review of the trial court's determination that the plaintiffs' conduct did not justify fee-shifting was thwarted nine days before oral argument when the plaintiffs advanced the remaining amount of the defendants' attorneys' fees and expenses.[3] Because the plaintiffs' decision to advance the funds when they did was beyond the defendants' control, it would be contrary to the interests of justice to allow the Court of Chancery's prior denial of the defendants' request for additional

---

[1] *See Genelux Corp. v. Roeder*, 2016 WL 3381420, at \*1 (Del. June 9, 2016).

[2] *See In re Genelux Corp.*, 2015 WL 6408149, at \*1 (Del. Ch. Oct. 22, 2015) ("In all other respects, Defendants' requests for relief, including their requests for attorneys' fees and expenses and additional sanctions, are denied.").

[3] *See, e.g.*, *Tyson Foods, Inc. v. Aetos Corp.*, 818 A.2d 145, 147–48 (Del. 2003) ("In Delaware, the equitable remedy of vacatur is available in only a narrow set of circumstances. As a general rule, when a case becomes moot at some point during the appellate process, this Court will vacate the judgment below where the interests of justice so require. This so-called 'interests of justice' standard is no doubt met where the party seeking appellate review is *thwarted* by some event beyond its control. In such circumstances, vacatur is necessary to prevent the unappealable judgment from obtaining 'precedential or preclusive *res judicata* effect[.]'" (emphasis in original) (internal citations omitted)); *Stearn v. Koch*, 628 A.2d 44, 46 (Del. 1993) ("The rationale for the rule of vacatur is 'that those who have been prevented from obtaining the [appellate] review to which they are entitled should not be treated as if there had been [an adverse determination upon] review.' The rule of vacatur exists for the protection of a party whose desire for appellate review has been thwarted." (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950))).

2

sanctions, and attorneys' fees and expenses, to have precedential or preclusive effect.[4]  Further, the plaintiffs' argument that the defendants' motion is "unfairly selective" because it does not cover the Court of Chancery's decision to award $10,000 in sanctions to the defendants is unpersuasive because the plaintiffs chose not to appeal that award.  Thus, in the interests of justice, the defendants' request for partial vacatur is granted.  This matter is remanded to the Court of Chancery with directions to vacate paragraph 3 of its October 22, 2015 Final Order and Judgment.

IT IS SO ORDERED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] *See, e.g.*, *Glazer v. Pasternak*, 693 A.2d 319, 321 (Del. 1997) (granting a corporation's motion to vacate the Court of Chancery's decision to enjoin a proposed merger on the ground that the corporation was "prevented from obtaining appellate review" because its special committee terminated the merger agreement, causing the appeal to be dismissed as moot); *Koch*, 628 A.2d at 47 ("It would be contrary to the interests of justice to allow the judgment of the Court of Chancery to have any precedential or preclusive *res judicata* effect [where the plaintiffs'] cross-appeal has been dismissed as moot, because of an event beyond their control.").