# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROBERT LENOIS, on behalf of himself and all other similarly situated stockholders of ERIN ENERGY CORPORATION, and derivatively on behalf of ERIN ENERGY CORPORATION, | §<br>§ No. 482, 2017D<br>§<br>§ Court Below—Court of Chancery<br>§ of the State of Delaware<br>§<br>§ C.A. No. 11963 |
| Plaintiff Below, Appellant, | §<br>§<br>§ |
| v. | §<br>§ |
| KASE LUKMAN LAWAL, LEE P. BROWN, WILLIAM J. CAMPBELL, J. KENT FRIEDMAN, JOHN HOFMEISTER, IRA WAYNE MCCONNELL, HAZEL R. O'LEARY, and CAMAC ENERGY HOLDINGS, LIMITED, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| Defendants Below, Appellees, | §<br>§<br>§ |
| and | § |
| ERIN ENERGY CORPORATION, | §<br>§<br>§ |
| Nominal Defendant Below, Appellee. | §<br>§<br>§ |

Submitted: May 8, 2020
Decided: May 18, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# ORDER

Upon consideration of the Trustee's motion to vacate dismissal and remand, the Trustee's motion to substitute party and realign Trustee as plaintiff, the appellees' motion to dismiss the appeal, and the various submissions relating to those motions, it appears to the Court that:

(1) A stockholder of Erin Energy Corporation filed a direct and derivative action in the Court of Chancery challenging transactions between Erin Energy, its controller, a controller-affiliated company, and a third party. In November 2017, the Court of Chancery issued a decision dismissing the action for failure to plead demand futility and failure to state viable disclosure claims.

(2) The stockholder appealed, arguing that the Court of Chancery erroneously held that demand was not excused. The appeal was fully briefed and scheduled for oral argument when, in April 2018, Erin Energy filed for bankruptcy—initially Chapter 11, but later converted to Chapter 7. As a result of the bankruptcy automatic stay, the appeal was stayed, and the Court directed the parties to provide a status report every six months. The status report filed in November 2019 indicated that the Chapter 7 Trustee had filed a motion in the Court of Chancery to be substituted for the stockholder plaintiff and for relief from judgment. At oral argument on those motions in March, the Vice Chancellor asked whether the Court of Chancery had jurisdiction over the motions, in light of the pending appeal. He

2

suggested that the best course of action would be for the parties to seek a limited remand from this Court for the purpose of allowing the Court of Chancery to decide the motions for substitution and relief from judgment.

(3) On March 17, 2020, the Trustee filed (i) a motion asking this Court to vacate the Court of Chancery's order dismissing the derivative claims for failure to plead demand futility and to remand the action for further proceedings in the Court of Chancery and (ii) a motion to substitute the Trustee for nominal defendant Erin Energy as the real party in interest and to realign the Trustee as a plaintiff to pursue directly the action previously pursued derivatively on Erin Energy's behalf. The appellees opposed the motions and also filed a motion seeking dismissal of the appeal as moot.

(4) The parties and the Trustee agree that the question at issue on appeal— whether demand was excused—is now moot.[1] The appeal must therefore be dismissed.[2] Because there will be no further proceedings before this Court in this appeal, it is unnecessary for us to decide whether the Trustee should be substituted for Erin Energy and realigned as a "plaintiff" on appeal. Rather, dismissal of the

---

[1] Trustee Reply in Support of Motion to Vacate Dismissal and Remand, Docket Entry No. 56, at 2, *Lenois v. Lawal*, 482, 2017D (Del. May 8, 2020). *See also id.* Joinder of Robert Lenois in the Motion to Vacate Dismissal and Remand, Docket Entry No. 57, at 2 (joining in the Trustee's reply, and describing the decision on appeal as "now-moot").

[2] *See Stotland v. GAF Corp.*, 469 A.2d 421, 423 (Del. 1983) (dismissing appeal as moot after the question at issue on appeal—whether demand was excused—became moot).

3

appeal will return jurisdiction to the Court of Chancery, where the motion for substitution that the Trustee filed in that court is pending.

(5)     The Trustee also requests that we vacate the Court of Chancery's decision. "The rule of vacatur exists 'for the protection of a party whose desire for appellate review has been thwarted' and is usually invoked when there is companion litigation pending between the same parties 'to eliminate what would otherwise be the procedural bar of *res judicata.*'"[3] "As a general rule, when a case becomes moot at some point during the appellate process, this Court will vacate the judgment below where the interests of justice so require."[4] We decline to order vacatur in the circumstances of this case. Neither the Trustee nor the plaintiff-stockholder contend that the parties are involved in other litigation in which the Court of Chancery's decision concerning demand futility will have preclusive effect. Similarly, the issue of whether the plaintiff-stockholder was excused from making demand in order to bring derivative fiduciary-duty claims does not determine the Trustee's right to bring those fiduciary-duty claims.[5] Rather, the Trustee's right to proceed will more

---

[3] *Advanced Radio Telecom Corp. v. CL Investments, L.P.*, 2002 WL 1484504, at *1 (Del. July 8, 2002) (quoting *Stearn v. Koch*, 628 A.2d 44, 46 (Del. 1993)).

[4] *Tyson Foods, Inc. v. Aetos Corp.*, 818 A.2d 145, 147-48 (Del. 2003).

[5] *See generally Pepper v. Litton*, 308 U.S. 295, 307 (1939) ("While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee." (footnote omitted)); *Police & Fire Ret. Sys. of City of Detroit v. Callen*, 2012 WL 1594881, at *2 (Del. May 7, 2012) ("We agree that Ambac's bankruptcy filing, by operation of law, divested [the stockholder-plaintiff] of standing to pursue Ambac's claims derivatively, unless and until [the stockholder-plaintiff] is authorized to do so by the Bankruptcy Court." (footnote omitted)).

4

appropriately be determined by the Court of Chancery in the first instance, in the context of the motions that are pending before that court, including the motion for relief from judgment.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED as moot. The matter is remanded to the Court of Chancery for further proceedings consistent with this order.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice