IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN RE APPEAL OF SUN LIFE ASSURANCE COMPANY OF CANADA V. WILMINGTON SAVINGS FUND SOCIETY, FSB, DISQUALIFICATION OF COUNSEL | § § No. 216, 2020 § § Court Below: Superior Court § of the State of Delaware § § C.A. No. N18C-08-074-PRW § CCLD § |

Submitted: February 1, 2021
Decided:   March 15, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After consideration of the notice of voluntary dismissal and motion for vacatur of judgment, the opposition to the motion, and the reply, it appears to the Court that:

(1)    Sun Life Assurance Company of Canada ("Sun Life") filed this interlocutory appeal seeking review of a Superior Court order that disqualified its counsel, Cozen O'Connor, from representing it in litigation concerning the enforceability of a life insurance policy, the beneficial interest in which is owned by an entity formerly known as Ocean Gate Life Settlement LP ("Ocean Gate").[1]

---

[1] After it acquired the interest in the policy, Ocean Gate changed its name to 2018 Life Settlement LP.

(2)     Sun Life issued the $6 million policy to non-party Gordon Bartelstein in May 2007. Ocean Gate then acquired the beneficial interest in the policy, using the appellee, Wilmington Savings Fund Society, FSB ("WSFS"), as the securities intermediary. Sun Life alleged that the policy was procured for investors who did not have an insurable interest in Bartelstein's life, and that the policy was therefore void as a stranger-oriented life insurance wager on Bartelstein's life. WSFS asserted counterclaims demanding payment of the policy benefits and seeking recovery for unfair trade practices and related causes of action.

(3)     Attorneys from the law firm Cozen O'Connor represented Sun Life in the litigation in the Superior Court. Different attorneys from Cozen O'Connor had previously represented Ocean Gate for the purpose of evaluating the validity and enforceability of the life insurance policies in Ocean Gate's investment plan, in connection with due diligence for a potential loan to Ocean Gate in 2010. In December 2018, WSFS identified Cozen O'Connor's former representation of Ocean Gate and requested that Cozen O'Connor withdraw from representing Sun Life in the Superior Court litigation. Cozen O'Connor refused and instituted an ethics screen. WSFS then moved to disqualify Cozen O'Connor.

(4)     The Superior Court granted the motion to disqualify.  Sun Life moved for reargument, which the Superior Court denied.  Sun Life then filed this interlocutory appeal, which the Court accepted.[2]

(5)     Sun Life filed its opening brief in November 2020.  The parties then reached a settlement, and Sun Life filed a notice of voluntary dismissal and motion for vacatur of the Superior Court's orders disqualifying Cozen O'Connor and denying reargument of the disqualification issue.  This Court granted Cozen O'Connor leave to intervene and to join in the motion for vacatur.  WSFS does not oppose dismissal, but it opposes vacatur.

(6)     "As a general rule, when a case becomes moot at some point during the appellate process, this Court will vacate the judgment below where the interests of justice so require."[3]  This standard is met "where the party seeking appellate review is thwarted by some event beyond its control."[4]  In such circumstances, vacatur is necessary to prevent the judgment from obtaining precedential or preclusive effect.[5] Where mootness occurs because of settlement, courts consider whether the party

---

[2] *In re Appeal of Sun Life Assurance Co. of Canada v. Wilmington Sav. Fund Soc'y, FSB, Disqualification of Counsel*, 216, 2020, Docket Entry No. 12 (Del. Aug. 26, 2020) (order accepting interlocutory appeal).

[3] *Tyson Foods, Inc. v. Aetos Corp.*, 818 A.2d 145, 147-48 (Del. 2003).  *See also Glazer v. Pasternak*, 693 A.2d 319, 321 (Del. 1997) ("On request, this Court will vacate the trial court's decision if the appeal has become moot and justice so requires.").

[4] *Tyson Foods*, 818 A.2d at 148 (emphasis omitted).

[5] *Id.*

3

seeking vacatur voluntarily forfeited a legal remedy—and thereby surrendered a claim to the equitable remedy of vacatur—by assenting to settlement.[6]

(7)     Applying these principles to the circumstances of this case, we conclude that Cozen O'Connor's request for vacatur should be granted. The appeal became subject to dismissal because of an event beyond Cozen O'Connor's control.[7] Cozen O'Connor should not be subject to the potential reputational effect of the trial court's decision,[8] particularly in light of the Superior Court's determination that the firm and its attorneys acted with the diligence, integrity, and vigilance appropriate to the profession.[9]

---

[6] *Id.*

[7] *Compare Stearn v. Koch*, 628 A.2d 44, 47 (Del. 1993) (granting vacatur where cross-appeal became moot because of an event beyond the cross-appellants' control), *with Tyson Foods*, 818 A.2d at 148 (affirming trial court's denial of vacatur of a post-trial opinion where party seeking vacatur agreed to settlement, including carve-out of federal actions on which the party claimed the post-trial opinion would have preclusive effect), *and FSAR Holdings, Inc. v. Zohar II 2005-1 Ltd.*, 6, 2018, Docket Entry No. 73 (Del. Oct. 13, 2020) (denying motion to vacate where movant's voluntary actions led to her inability to obtain appellate review).

[8] *See Glazer*, 693 A.2d at 321 ("Zapata has asked for this relief and we conclude that the rule of vacatur should be applied. Zapata has been prevented from obtaining appellate review and, under the circumstances, it should not be bound by the precedential effect of the trial court's decision.").

[9] *See Sun Life Assurance Co. of Canada v. Wilmington Sav. Fun Soc'y, FSB*, 2020 WL 1814758, at *6 (Del. Super. Ct. Apr. 9, 2020) ("No individual Cozen attorney has participated in both matters. In every instance, Cozen's attorneys individually and the firm as a whole promptly demonstrated the vigilance appropriate to the profession, and undertook precisely those prophylactic actions necessary to safeguard the confidences of their current and past clients."); *Sun Life Assurance Co. of Canada v. Wilmington Sav. Fun Soc'y, FSB*, 2019 WL 6998156, at *8 (Del. Super. Ct. Dec. 19, 2019) (recognizing no fault in the attorneys' "diligence, integrity, or professionalism" and stating that "the Court here has no doubt each attorney and firm has behaved honorably and forthrightly throughout their representation—past and present—of the parties involved in this litigation").

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED, and the matter is REMANDED to the Superior Court for the purpose of vacating its December 19, 2019, and April 9, 2020 decisions and orders.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice