IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SOLARRESERVE CSP HOLDINGS, LLC, a Delaware limited liability company, | § § § § § § § § § § § § § § § § § § § | No. 78, 2021<br><br>Court Below—Court of Chancery<br><br>C.A. No. 2020-0064 |
| Plaintiff Below, Appellant, | | |
| v. | | |
| TONOPAH SOLAR ENERGY, LLC, a Delaware limited liability company | | |
| Defendant Below, Appellee. | | |

Submitted: June 28, 2021
Decided: August 9, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the motion to vacate, the response, and the reply, it appears to the Court that:

(1)    This appeal arises from a breach of contract action. The plaintiff below-appellant, SolarReserve CSP Holdings, LLC, which held an indirect interest in defendant below-appellee, Tonopah Solar Energy, LLC, alleged that Tonopah breached a limited liability company agreement ("LLC Agreement") by refusing

SolarReserve's demand to inspect Tonopah's books and records. On July 24, 2020, the Court of Chancery issued a post-trial opinion in favor of Tonopah.[1] The court held that: (i) SolarReserve was not the real party in interest because it had transferred all of its claims against Tonopah to non-party CMB Infrastructure Investment Group IX, L.P.; (ii) a reasonable time had been allowed for SolarReserve to address Tonopah's invocation of Court of Chancery Rule 17; and (iii) CMB, the real party in interest, had no information rights under the LLC Agreement.[2] The court directed the parties to submit a proposed form of final judgment.[3]

(2)     On July 30, 2020, Tonopah filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. The Court of Chancery action was automatically stayed pursuant to 11 U.S.C. § 362. As part of the confirmed Chapter 11 plan, Tonopah was reorganized as a new limited liability company with a new LLC Agreement that did not provide for any inspection rights.

(3)     On February 1, 2021, the Bankruptcy Court lifted the stay with respect to the Court of Chancery action. On March 3, 2021, Tonopah submitted a proposed

---

[1] *SolarReserve CSP Holdings, LLC v. Tonopah Energy, LLC*, 2020 WL 4251968 (Del. Ch. July 24, 2020).
[2] *Id.* at *4-7.
[3] *Id.* at *7.

final order and judgment approved by both parties to the Court of Chancery. The court entered the order. This appeal followed.

(4)     In the opening brief, SolarReserve argued the merits of its appeal. In the answering brief, Tonopah argued, among other things, that the appeal should be dismissed as moot because the bankruptcy proceeding resulted in Tonopah's reorganization and a new LLC Agreement that eliminated the inspection provision at issue in the litigation. Instead of filing a reply brief, SolarReserve filed a motion to vacate the Court of Chancery's July 24, 2020 opinion.

(5)     In the motion to vacate, SolarReserve argues that this Court should vacate the Court of Chancery opinion because the appeal became moot as a result circumstances beyond SolarReserve's control—Tonopah's bankruptcy filing. Tonopah opposes the motion to vacate, arguing that it is a tactical maneuver to support CMB's litigation strategy in a lawsuit filed in Nevada and that this litigation was moot even before the appeal. In light of the parties' agreement that the matter on appeal is moot, this appeal must be dismissed.[4]

(6)     "As a general rule, when a case becomes moot at some point during the appellate process, this Court will vacate the judgment below where the interests of

---

[4] *See, e.g. Lenois v. Lawal*, 2020 WL 2520098, at *1 (Del. May 18, 2020) (dismissing appeal where the parties agreed that the question on appeal was moot).

3

justice so require."[5] The interests of justice standard is satisfied when the party seeking appellate review is thwarted by an event outside of its control.[6] In those circumstances, vacatur is necessary "to prevent the unappealable judgment from obtaining 'precedential or preclusive *res judicata* effect[.]'"[7]

(7) Applying these principles to the circumstances of this case, we conclude that the motion to vacate should be granted. Although Tonopah correctly notes that SolarReserve relies primarily on cases that became moot during, rather than before, the appellate process, Tonopah cites no authority to suggest that this means SolarReserve cannot obtain vacatur or that a stricter standard for vacatur applies.[8] SolarReserve was prevented from obtaining appellate review of the Court of Chancery's decision because of an event beyond its control—Tonopah's voluntary bankruptcy filing and reorganization.[9] According to the parties, there is

---

[5] *Tyson Foods, Inc. v. Aetos Corp.*, 818 A.2d 145, 147-48 (Del. 2003). *See also Glazer v. Pasternak*, 693 A.2d 319, 321 (Del. 1997) ("On request, this Court will vacate the trial court's decision if the appeal has become moot and justice so requires.").

[6] *Stearn v. Koch*, 628 A.2d 44, 46 (Del. 1993). *See also U.S. v. Munsingwear, Inc.*, 340 US. 36, 40 (1950) (describing vacatur procedure as clearing "path for future relitigation of the issues between the parties" and eliminating "a judgment, review of which was prevented through happenstance").

[7] *Tyson*, 818 A.2d at 148 (quoting *Stearn*, 628 A.2d at 47).

[8] We note that neither party has raised the fact that the action appears to have become moot before entry of a final judgment by the Court of Chancery. Thus, we do not reach the issue whether the parties should have addressed the issue in the first instance in the Court of Chancery.

[9] *Compare Glazer*, 693 A.2d at 321 (vacating trial court's decision that a supermajority provision applied to a merger after the special committee terminated the merger agreement and prevented the defendants from obtaining appellate review), *with Tyson Foods*, 818 A.2d at 148 (affirming trial court's denial of vacatur of a post-trial opinion where party seeking vacatur agreed to settlement, including carve-out of federal actions on which the party claimed the post-trial opinion would have preclusive effect).

litigation involving some of the same or related entities and issues in Nevada. It would be contrary to the interests of justice for the unappealable Court of Chancery decision to have precedential or preclusive effect in these circumstances.[10]

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED as MOOT and the motion to vacate is GRANTED. The matter is REMANDED to the Court of Chancery for the purpose of vacating its July 24, 2020 opinion and March 3, 2021 order.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[10] *Glazer*, 693 A.2d at 321 ("Zapata has been prevented from obtaining appellate review and, under the circumstances, it should not be bound by the precedential effect of the trial court's decision.").